318

George KHOURI, Plaintiff—Appellant,

v.

UNITED AIRLINES, INC.,
Defendant—Appellee.

No. 01–15126.

D.C. No. CV–98–04858–MJJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2002.

Decided March 5, 2002.

Before D.W. NELSON and HAWKINS, Circuit Judges; and FITZGERALD, District Judge *.

## MEMORANDUM **

George Khouri appeals the district court's summary judgment for United Airlines, Inc., in his suit brought under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940. After applying to be a pilot with United three times and being rejected each time, Khouri brought suit in federal district court claiming that United unlawfully discriminated against Khouri based on his national origin (Lebanese) and unlawfully retaliated against Khouri for past complaints. On appeal, he argues that (1) the district court lacked subject matter jurisdiction because both United and Khouri are California citizens, and (2) the district

---

* The Honorable James M. Fitzgerald, Senior District Judge for the district of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

court erred in granting United summary judgment on two of his claims, because genuine issues of material fact exist. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Subject matter jurisdiction here depends on diversity. *See* 28 U.S.C. § 1332(a)(1). We review factual findings made by the lower court in support of its determination of subject matter jurisdiction for clear error, *see Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir.1989), but we review the ultimate determination of subject matter jurisdiction *de novo*. *See Brennan v. Southwest Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir.1998). Applying this standard and reviewing the record below, we affirm the district court's determination that United's principal place of business is Illinois. Because United is incorporated in Delaware and Khouri resides in California, the parties are diverse and subject matter jurisdiction exists. *See* 28 U.S.C. § 1332(a)(1), (c)(1).

California law prohibits an employer from discriminating against any person "because the person has opposed any practices forbidden under [California fair employment law]." *See* Cal. Gov't Code § 12940(h). Khouri claims that his conversation with Captain Traub constitutes protected activity under FEHA, and that United retaliated against him for engaging in this activity when it failed to hire him as a pilot in 1996. Although at summary judgment stage "[t]he amount [of evidence] that must be produced in order to create a *prima facie* case is 'very little'," *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir.1994), even with this light burden Khouri fails to establish a prima facie case of retaliation. At a minimum, a protected complaint should communicate a belief that unlawful activity has occurred. Khouri never communicated such a belief to Captain Traub, and thus his conversa-

tion cannot be the basis for a retaliation claim.

Khouri also claims that United discriminated against him because of his national origin when United failed to offer him a piloting position following his 1996 interview. Because United has articulated legitimate, nondiscriminatory reasons for not hiring Khouri, any presumption of discrimination "drops out" of the equation and the burden shifts back to Khouri to show that United's proffered reasons are mere pretext. *Wallis*, 26 F.3d at 889–90. To defeat summary judgment, Khouri must produce "specific, substantial evidence" that United unlawfully discriminated, or that United's reasons are pretextual. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir.1998).

Khouri failed to introduce "specific, substantial evidence" of pretext into the record sufficient to raise a genuine issue of material fact. The decision of the district court is therefore AFFIRMED.